An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JONATHAN JAMES MCKINLAY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64483

**FILED**

SEP 1 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery and robbery with the use of a deadly weapon. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

On October 3, 2012, Bonnye Corbin invited appellant, Sarah McKinlay, and Angela Roberts to her hotel room. At some point, appellant ordered Corbin to give him a pipe so he could smoke methamphetamine. When she refused, he obtained a pocketknife and struck her in the face with its handle. Appellant ordered Angela and Sarah to look through Corbin's belongings and find a pipe or money. Sarah removed $60 dollars from Corbin's purse and appellant, Angela, and Sarah fled the hotel.

First, appellant contends that the district court abused its discretion by allowing the State to impeach Sarah and Angela with evidence that they pleaded guilty to conspiracy to commit larceny in regard to their roles in this case. Because appellant did not object, we review this contention for plain error. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). At trial, the defense called Sarah and Angela as witnesses and both women denied conspiring with appellant to take Corbin's money. The State cross-examined the women regarding their

14-31095

pleas to the contrary as well as admissions they made in the course of those pleas. This was proper impeachment. *See United States v. King*, 505 F.2d 602, 607 (5th Cir. 1974) (explaining that the introduction of a co-conspirator's guilty plea is permissible to impeach trial testimony or to reflect on a witness' credibility, but may not be used as substantive evidence of the defendant's guilt). To the extent appellant argues that the State inappropriately used the pleas as substantive evidence against him, we conclude that any error was harmless because Corbin testified that appellant ordered the women to take her pipe or her money, and although Sarah and Angela testified otherwise, they were thoroughly impeached. *See* NRS 178.598; *Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) ("If the error is not of constitutional dimension, we will reverse only if the error substantially affects the jury's verdict.").[1]

Second, appellant contends that the district court abused its discretion by admitting evidence that Sarah and Angela declined to speak with police officers regarding the case, because the fact that a witness exercised her right to silence "has no probative value; and when that witness' credibility is central to the outcome of the case, the prejudice from allowing such questioning is enormous." Because appellant objected on a different ground below, and only regarding Angela's testimony, we review this contention for plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95. Appellant fails to demonstrate that he was prejudiced by the admission of this evidence. The prejudice that results from the admission of such evidence is that the jury will equate silence with guilt, *see Doyle v. Ohio*,

---

[1]We also conclude that the district court did not err by failing to give a limiting instruction regarding this evidence *sua sponte*.

426 U.S. 610, 617 (1976), but here, the jury was informed that Sarah and Angela had pleaded guilty. We conclude that appellant fails to demonstrate that the district court plainly erred by admitting this evidence. To the extent appellant argues that the preclusion against commenting on a defendant's post-arrest silence should also include witnesses, we decline to extend the rule.

Third, appellant contends that the district court abused its discretion by permitting a police officer to testify regarding Corbin's statement that appellant ordered the women to take her money. We conclude that this contention lacks merit because appellant did not object and fails to demonstrate that the district court plainly erred by admitting the testimony. *See Green*, 119 Nev. at 545, 80 P.3d at 95.

Fourth, appellant contends that the district court abused its discretion by instructing the jury regarding flight. Because appellant did not object, we review this contention for plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95. A jury may receive a flight instruction so long as it is supported by evidence that the defendant left the scene "with a consciousness of guilt, for the purpose of avoiding arrest." *Weber v. State*, 121 Nev. 554, 582, 119 P.3d 107, 126 (2005). Here, evidence was presented that appellant, Angela, and Sarah ran from Corbin's hotel room after the incident, took an elevator down to the lobby, then ran from the casino in different directions. Based upon this evidence, appellant fails to demonstrate that the district court plainly erred.

Fifth, appellant contends that insufficient evidence supports the enhancement for use of a deadly weapon. We disagree. Although Corbin was struck with the handle of the pocketknife, a rational trier of fact could have found that the knife constituted a deadly weapon. *See*

NRS 193.165(6)(a); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Sixth, appellant contends that the district court was without jurisdiction to adjudicate him as a habitual offender. Appellant concedes that our recent opinion in *LaChance v. State*, 130 Nev. ___, ___, 321 P.3d 919 (2014), does not support his position, and he urges us to revisit *LaChance*. We decline to do so and conclude that this contention lacks merit.

Seventh, appellant contends that cumulative error entitles him to relief. Because we have only found one error, there are no errors to cumulate. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000). We conclude that no relief is warranted, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Connie J. Steinheimer, District Judge
     Richard F. Cornell
     Suzanne M. Lugaski
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk